**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nancy L. Fuller, ) | No. CV-09-1614-PHX-FJM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| Michael J. Astrue, Commissioner, Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This is an appeal from a denial of social security disability insurance benefits. The court has before it plaintiff's opening brief (doc. 23), defendant's answering brief (doc. 24), and plaintiff's reply (doc. 30).

Plaintiff filed an application for disability insurance benefits on September 15, 2000, alleging a disability onset of June 30, 1999. Her application was denied initially, on reconsideration, and following an April 2002 hearing before an administrative law judge ("ALJ"). After the Appeals Council denied plaintiff's request for review, plaintiff filed an action in this court challenging the Commissioner's final decision. In 2004, Judge McNamee reversed and remanded the case for further proceedings. On remand, the ALJ again found

1  that plaintiff was not disabled, but the Appeals Council, after granting plaintiff's request for
2  relief, found error and remanded the case to a new ALJ. Following a third administrative
3  hearing in February 2009, a new ALJ again concluded that plaintiff was not disabled. The
4  ALJ's decision became the Commissioner's final decision when the Appeals Council did not
5  assume jurisdiction of the case. See 20 C.F.R. 404.984(d).

6  We may set aside a denial of benefits only if it is not supported by substantial
7  evidence or is based on legal error. Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2007).
8  Substantial evidence is "such relevant evidence as a reasonable mind might accept as
9  adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007). An
10 ALJ's findings must be upheld "if supported by inferences reasonably drawn from the
11 record," even where "evidence exists to support more than one rational interpretation."
12 Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); 42 U.S.C. §
13 405(g).

14 The ALJ found that plaintiff had a number of severe impairments including:
15 myleoproliferative disorder, multi-level degenerative disc disease, obesity, status post
16 thalamic stroke, a generalized pain disorder/fibromyalgia, and a mood disorder. Tr. 328.
17 Those impairments, however, did not meet or medically equal one of the impairments in 20
18 C.F.R. Part 404, Subpart P, Appendix 1. Id. The ALJ noted that plaintiff has moderate
19 difficulties in activities of daily living, social functioning, and concentration. Id.
20 Furthermore, the ALJ stated that plaintiff appeared to be mildly to moderately depressed.
21 Id.

22 After considering the entire record, the ALJ found that plaintiff had the RFC to
23 perform a limited range of light work, was able to lift and/or carry ten pounds frequently and
24 twenty pounds occasionally, sit two hours at a time for a total of six hours in an eight hour
25 workday, and stand or walk two hours in a workday. Tr. 329-30. Plaintiff could not climb
26 ladders, ropes and scaffolds, but could occasionally climb other things, balance, stoop, kneel,
27 crouch, and crawl. Id. Finally, plaintiff needed to avoid concentrated exposure to certain
28 environmental conditions or hazards like moving machinery and heights. Id. In reaching its

1  decision, the ALJ relied on treatment notes from a variety of physicians but gave less weight
2  to plaintiff's treating physician William D. Riley, M.D., because his conclusions were
3  inconsistent with clinical signs and other medical evaluations, and because he heavily relied
4  on plaintiff's subjective complaints of pain, which the ALJ discredited to the extent they were
5  inconsistent with the RFC assessment. Tr. 331. The ALJ found it significant that clinical
6  signs reported plaintiff as "well-appearing and in no apparent distress." Tr. 178-84. The ALJ
7  further discredited plaintiff's complaints of shortness of breath due to her smoking habit and
8  positive clinical reports even without medication. The ALJ also discredited plaintiff's
9  complaints of back pain based on the effectiveness of treatment and reports that physical
10 examinations did not bear out her subjective complaints. Tr. 117, 170, 205, 224. Finally,
11 the ALJ refused to consult a vocational expert ("VE"), despite instructions from the Appeals
12 Council's remand order, because he concluded that a finding of "not-disabled" was directed
13 by the Medical-Vocational Rule 202.21 (aka "GRIDS").

14       On appeal, plaintiff challenges a host of things. Plaintiff argues that the ALJ
15 committed legal error by: (1) failing to include psychological restrictions in his RFC
16 assessment, (2) improperly discrediting his subjective complaints of pain, (3) failing to
17 properly weigh medical source opinion evidence, and (4) disregarding the Appeals Council's
18 order to consult a VE. Finally, plaintiff requests that rather than remanding and forcing
19 plaintiff to withstand a fourth ALJ proceeding, we should reverse and award benefits.

**II.**

**A. RFC Assessment**

24       Plaintiff first argues that the ALJ committed legal error by failing to incorporate the
25 limitations caused by her mood disorder into his RFC assessment. Defendant asserts that the
26 record supports the ALJ's finding that the mental disorder did not prohibit plaintiff from
27 certain work. It is the ALJ's responsibility to assess a claimant's RFC based on all relevant
28 medical evidence in the record. See 20 C.F.R. § 404.1546; Social Security Ruling (SSR) 96-

1 5p. If an ALJ finds a severe impairment at step two, that impairment must be considered in
2 the remaining steps. 20 C.F.R. §§ 404.1523, 416.923; see also Bray v. Astrue, 554 F.3d
3 1219, 1228 (9th Cir. 2009). However, an ALJ may properly conclude that a severe mental
4 impairment does not necessarily limit the ability to perform basic work activities if the
5 medical record supports it. See Bray, 554 F.3d at 12228-29 (finding that the ALJ adequately
6 accounted for a mental disorder despite finding it did not limit all work).

7 Here, the ALJ found that plaintiff had the severe impairment of generalized pain and
8 mood disorder. However, he later found that such mental impairments did not affect her
9 ability to do unskilled light work or perform simple, repetitive work. Tr. 335. Unskilled
10 work is work which needs little or no judgment to do simple duties that can be learned on the
11 job in a short period of time. 20 C.F.R. § 404.1568(a). Basic work activities include the
12 ability to understand, carry out and remember simple instructions, use judgment, and respond
13 appropriately to supervision. 20 C.R.R. § 404.1521(b)  The medical record as a whole
14 supports a conclusion that plaintiff could do all of that. Lawrence Teitle, M.D., a treating
15 physician, found that plaintiff's recent recall was excellent and her mental status was good.
16 Tr. 332, 100. Larry F. Waldman, Ph.D.'s review of the record concluded that while plaintiff
17 had a mood disorder with mild to moderate limitations she was "quite capable of performing
18 basic work." Tr. 329. Even Dr. Berman, the psychologist who examined plaintiff, opined
19 that plaintiff "could hold down a job at considerably above the basic skill, as long as it did
20 not emphasize her areas of weakness (auditory immediate and delayed) and as long as she
21 was not especially depressed." Tr. 141. The ALJ's conclusion that "the alleged problems
22 with concentration and memory do not prevent the claimant from performing simple,
23 repetitive work" represents a reasonable finding, grounded in the record. Tr. 335.

24

25 **B.  Subjective Complaints of Pain**

26 Plaintiff next contends that the ALJ erred by failing to engage in any credibility
27 analysis and by improperly discounting her subjective complaints of pain merely based on
28 a lack of collaborating medical findings.

1    An ALJ must set forth "specific, clear and convincing reasons" to reject a plaintiff's
2 testimony about the severity of her symptoms. Smolen v. Chater, 80 F.3d 1273, 1281 (9th
3 Cir. 1996). An ALJ may not discredit pain testimony simply because a plaintiff's reported
4 degree of pain is unsupported by objective medical findings. Fair v. Bowen, 995 F.2d 597,
5 602 (9th Cir. 1989). An ALJ, however, may consider factors such as 1) the nature, location,
6 onset, duration, frequency, and intensity of pain; 2) precipitation and aggravating factors; 3)
7 type, dosage, effectiveness and adverse side effects of any pain medication; 4) treatment,
8 other than medication, for relief; 5) functional restrictions; and 6) daily activities. Bunnell
9 v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991) (citing SSR 83-13). Where an ALJ has made
10 specific findings justifying a decision to disbelieve an allegation of excess pain, and those
11 findings are supported by substantial evidence in the record, our role is not to second-guess
12 that decision. Id.

13    Here, the ALJ discredited plaintiff's statements "concerning the intensity, persistence,
14 and limiting effects of [her] symptoms to the extent they were inconsistent with the" RFC
15 assessment Tr. 331. A review of the record supports the ALJ's findings. The ALJ engaged
16 in a credibility analysis when he discussed plaintiff's testimony regarding her symptoms and
17 then highlighted contrary medical evidence finding her complaints were excessively
18 subjective. See Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997) (stating that
19 an ALJ may evaluate a plaintiff's credibility based on testimony from physicians concerning
20 the nature and severity of the symptoms). Tr. 117, 140, 224.

21    First the ALJ discredited plaintiff's testimony of shortness of breath and asthma by
22 relying on medical evidence from Keith W. Cunningham, M.D., Allen S. Lipschultz, M.D.,
23 and that fact that plaintiff smoked up to a pack and a half of cigarettes a day. Tr. 332. Dr.
24 Cunningham found that plaintiff's chest demonstrated clear breathing with no wheezing or
25 rhonchi. Id. Additionally, Dr. Lipschult in 1999 reported that plaintiff was breathing well
26 without chest pain and in 2000, reported she was still doing fine despite stopping medication.
27 Tr. 331.

28    Second, the ALJ discredited plaintiff's complaints of back pain. Plaintiff testified she

- 5 -

1  had severe, chronic, constant back pain, had to use a cane to help maintain balance, wore a
2  back brace, underwent many back injections, and was restricted to spending most of her day
3  watching television and listening to music. Tr. 330. The ALJ discredited this by relying on
4  contrary medical reports finding treatment was effective in alleviating her pain and that her
5  complaints were exaggerated due to psychological reasons. See Tr. 109, 117 (treatment
6  notes indicating effectiveness of injections), 178-84 (Dr. Riley's clinical observations
7  reporting that plaintiff was "well appearing and in no apparent distress"). The ALJ's reliance
8  on the effectiveness of medication and treatment is one permissible way to discredit a
9  claimant's testimony. See Bunnell, 947 F.2d at 346-47; see also SSR 83-13. Furthermore,
10 at least some of the medical record supports the ALJ's finding that plaintiff's pain complaints
11 were exaggerated and not entirely credible. Tr. 117, 140, 224. Since we must uphold an
12 ALJ's findings if reasonably supported by evidence in the record, even where "evidence
13 exists to support more than one rational conclusion," we do not find that the ALJ committed
14 substantial error by discrediting plaintiffs complaints. Batson v. Comm'r of Soc. Sec.
15 Admin., 359 F.3d 1190, 1193 (9th Cir. 2004).

## C. Medical Source Opinion

Plaintiff's next claim is that the ALJ failed to properly weigh medical source opinion evidence. Plaintiff alleges that the ALJ improperly discredited her treating physician, Dr. Riley's, opinion which should be entitled to the greatest weight. Although a treating physician's opinion is normally entitled to special weight, the weight given depends on whether it is supported by sufficient medical data and is consistent with the record. See 20 C.R.F. § 404.1527(d)(2). When a treating physician's opinion is controverted by another doctor, the ALJ may reject it by setting forth specific and legitimate reasons based on substantial evidence in the record. Thomas, 278 F.3d at 957. Here, the ALJ discredited Dr. Riley's testimony because it was unsupported by clinical evidence, inconsistent with his own treatment record, inconsistent with the majority of medical opinions, including those of specialists, and relied heavily on plaintiff's subjective complaints of pain. Tr. 334. Because

- 6 -

1  we concluded that the ALJ properly discounted plaintiff's complaints, the ALJ also may
2  discount Dr. Riley's opinion on that ground. See Morgan v. Comm'r of Soc. Sec. Admin.,
3  169 F.3d 695, 602 (9th Cir. 1999). Furthermore, the record supports a finding that Dr.
4  Riley's reports were inconsistent with other doctors because most concluded that plaintiff's
5  objective findings did not bear out her subjective complaints and that her medical condition
6  did not warrant disability. Tr. 117, 118, 140, 170, 205. Furthermore, Dr. Riley failed to
7  provide evidence such as clinical signs or diagnostic examinations to support his assessment.
8  Therefore, we uphold the ALJ's decision to give less weight to Dr. Riley's opinion.

### D. Omission of Limitations from the RFC Findings

Plaintiff also argues that the ALJ improperly assessed other medical source opinions by affording them great weight but then omitting some of their restrictions in the RFC assessment. Plaintiff offers three examples: (1) Dr. Cunningham's finding that plaintiff should avoid repetitive bending and lifting; (2) Dr. Dilla's finding that a psychological evaluation is required to explain plaintiff's subjective pain complaints and decision to prescribe more pain medications; and (3) Dr. Berman's findings that plaintiff has memory limitations. In assessing RFC, an ALJ must consider the limiting effects of all of plaintiff's impairments, even those that are not severe. 20 C.F.R. § 404.1545(a), (e). However, an ALJ need not discuss evidence that is neither significant nor probative. Howard v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003).

The ALJ's RFC assessment concluded plaintiff could engage in light work. Light work involves "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds . . . it requires a good deal of walking or standing." 20 C.F.R. § 404.1567. Defendant admits that the ALJ committed error by concluding plaintiff was capable of light work, and we agree. Response at 22. The ALJ's RFC assessment states that plaintiff could only stand or walk two hours in an eight hour day, and Dr. Cunningham opined that plaintiff should avoid occupations requiring "repetitive bending and lifting." Tr. 129. This is inconsistent with light work. Furthermore, considering past ALJ assessments

- 7 -

1  concluded plaintiff only could engage in sedentary work, we find error in the ALJ's
2  conclusion plaintiff was capable of light work. Tr. 416.

3  Despite the ALJ's error, however, it is harmless because plaintiff's RFC assessment
4  is consistent with sedentary work. See Johnson v. Shalala, 60 F.3d 1428, 1436 n. 9 (9th Cir.
5  1995) (stating legal error is harmless when the correction of that error would not alter the
6  result); see also Powell v. Comm'r. of Soc. Sec., 318 Fed. App'x. 550, * 1 (9th Cir. 2009).[1]
7  Most unskilled sedentary work "requires only occasional lifting and carrying of light
8  objects," which is consistent with Dr. Cunningham's stated limitations. SSR 96-9p, 1996 WL
9  374185, at * 7. Furthermore, even if plaintiff could engage in hardly any bending and lifting,
10 "the mere inability to perform substantially all sedentary unskilled occupations does not
11 equate with a finding of disability." Id. at * 4. Accordingly, while the ALJ did err in
12 concluding plaintiff was capable of light work, that error is harmless because the medical
13 record as a whole supports a finding that plaintiff was capable of sedentary work.

14 As for an inconsistency with Dr. Dilla's opinion, contrary to plaintiff's allegations, Dr.
15 Dilla does not impose any functional limitations inconsistent with the ALJ's RFC assessment.
16 Moreover, Dr. Dilla specifically indicated that he believed plaintiff was not disabled. Tr.
17 117. Finally, as discussed above, Dr. Berman's opinion is not inconsistent with a finding of
18 plaintiff's ability to perform unskilled work since he concluded plaintiff "could hold down
19 a job at considerably above the basic skill." Tr. 143; see 20 C.F.R. § 404.1568(a) (stating
20 unskilled work "needs little or no judgment to do simple duties that can be learned on the job
21 in a short period of time"). Furthermore, Dr. Berman's RFC assessment explicitly finds
22 plaintiff is unlimited in her ability to understand, remember, and carry out simple job
23 instructions." Tr. 143. Accordingly, we will uphold the ALJ's findings.

24 / / /
25 / / /
26

---

27 [1] As we discuss below, a finding that plaintiff was capable of sedentary rather than light work does not alter the outcome of the GRIDS analysis. Both result in a determination
28 of not disabled.

**E. The Application of GRIDS**

Plaintiff's final argument asserts error in the ALJ's decision to apply GRIDS and ignore the Appeals Council's remand order to consult a VE. Defendant counters by asserting that any error is harmless because the ALJ was within his purview to apply GRIDS.

An ALJ must comply with a district court's remand order. See Sullivan v. Hudson, 490 U.S. 877, 886, 109 S.Ct. 2248, 2254-55 (1989). The same rule applies to orders from the Appeals Council. 20 C.F.R. § 404.977(b) (stating that an ALJ "shall take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeal Council remand order"). Here, the order stated that the ALJ will

> "[o]btain a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base. . . . The hypothetical questions should reflect the specific capacity/limitations established by the record as a whole. The Administrative Law Judge will ask the vocational expert to identify examples of appropriate jobs and state the incidence of such jobs in the national economy (20 C.F.R. § 404.1566)."

Tr. 535. That order explicitly instructed the ALJ to consult a VE. Contrast Johnson v. Comm'r of Soc. Sec., 529 F.3d 198, 2008 WL 1801161, * 7 (3rd Cir. Apr. 22, 2008) (no remand ordered required when the Appeals Council's order was not express); Summerall v. Astrue, 2008 WL 1891576, * 5 (M.D. Fla. Mar. 14, 2008) (finding that because the Appeals Council did not expressly mandate action but only instructed the ALJ to obtain additional exams "as needed," no remand was required). In the majority of cases addressing this issue it was reversible error for an ALJ to fail to comply with a remand order, and we agree. See Warren-Ward v. Astrue, 2008 U.S. Dist. LEXIS 45272 (M.D. Ala. June 10, 2008) (discussing various cases addressing this issue).

However, even if it was error for the ALJ not to consult a VE, we must determine whether the error is harmless by asking whether a reasonable ALJ would have reached a different conclusion had the error not occurred. Stout v. Comm'r of Soc. Sec. Admin., 454 F.3d 1050, 1056 (9th Cir. 2006); Holliday v. Astrue, 2010 WL 1261696, * 5 (C.D. Cal. March 24, 2010) (addressing this same issue and upholding the ALJ's decision because of its failure to comply with the remand order was harmless).

"An ALJ can use the GRIDS without vocational expert testimony when a non-exertional limitation is alleged because the GRIDS provide for the evaluation of claimants asserting both exertional and non-exertional limitations."[2] Hoopai v. Astrue, 499 F.3d 1071, 1075 (9th Cir. 2007). The GRIDS are inapplicable though "when a claimant's non-exertional limitations are 'sufficiently severe' so as to significantly limit the range of work permitted by the claimant's exertional limitations." Id. Plaintiff argues that the ALJ could not rely on the GRIDS because she had a number of non-exertional limitations including: (1) pain; (2) the inability to climb ladders, ropes, and scaffolds; (3) the ability to only occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; and (4) the need to avoid extreme temperatures and hazards. However, the operative issue is not simply whether plaintiff had non-exertional limitations, but whether they were "sufficiently severe." Id.

We find that plaintiff's limitations were not sufficiently severe to preclude use of the GRIDS. First, because we uphold the ALJ's determination that plaintiff's complaints of pain were excessive, that limitation is not sufficiently severe. See id. Second, according to SSR 96-9p, the additional limitations do not significantly erode the occupational base for a full range of unskilled sedentary work. 1996 WL 374185 at * 7-8. Finally, as noted above, the ALJ improperly applied the "light" exertional GRIDS despite the fact that plaintiff can only stand or walk two hours per day. Tr. 330. Because her RFC is consistent with a full range of sedentary work and because a finding of not disabled also is mandated under GRIDS for sedentary work, the error was harmless. See 20 C.F.R. pt. 404, subpt. P., app. 2, § § 201.19-.22; see also Walls v. Astrue, 282 Fed. App'x. 568, * 2 (9th Cir. 2008) (finding harmless error despite the ALJs failure to comply with the Appeals Council's remand order).

Based on the foregoing, we conclude that the ALJ's determination that plaintiff is not

---

[2] "Exertional limitations" are those that only affect the claimant's "ability to meet the strength demands of jobs." 20 C.F.R. §§ 404.1569a(b), 416.969a(b). "Nonexertional limitations" only affect the claimant's "ability to meet the demands of jobs other than strength demands." 20 C.F.R. §§ 404.1569a(c)(1), 416. 969a(c)(1).

1   disabled, and therefore not eligible for benefits, is supported by substantial evidence in the
2   record. Accordingly, **IT IS ORDERED AFFIRMING** the Commissioner's denial of
3   benefits.
4         DATED this 4th day of November, 2010.

*/s/ Frederick J. Martone*
Frederick J. Martone
United States District Judge